IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **PLAMEN ATANASOV,** | : | **MOTION TO VACATE** |
| BOP Reg. # 64357-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:13-CR-26-ODE-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:15-CV-4283-ODE-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Plamen Atanasov, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in criminal action number 1:13-cr-26-ODE-AJB-1. [Doc. 168.][1] The Government filed two responses in opposition, [Docs. 172, 174], and Movant filed two replies, [Docs. 175, 176].

Movant also filed a motion for default judgment. [Doc. 185.] However, a default judgment is not contemplated in a § 2255 action. *See* Fed. R. Civ. P. 55(d); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987); *Sagoes v. United States*, Nos. 1:09-cr-49-JEC-GGB & 1:11-cv-1188-JEC-GGB, 2014 WL 1681596, at *3 (N.D. Ga. Apr. 28, 2014). Accordingly, the motion for default judgment, [Doc. 185],

---

[1] Citations to the record in this Order and Final Report and Recommendation refer to case number 1:13-cr-26-ODE-AJB-1.

is **DENIED**.[2]

For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.     28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a

---

[2]     *See Franklin v. Parnell*, 461 Fed. Appx. 823, 825 n.2 (11th Cir. Dec. 2, 2011) (per curiam) ("The magistrate judge had authority to deny [the] motion for default judgment.") (citing 28 U.S.C. § 636(b)(1)(A)).

preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[3]).  The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous."  *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

## II.  Discussion

On December 27, 2013, Movant pleaded guilty to the following offenses: (1) conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2) & (b)(2); (2) access device fraud, in violation of 18 U.S.C. §§ 2 and 1029(a)(4); and

---

[3]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

(3) aggravated identity theft, in violation of 18 U.S.C. §§ 2 and 1028A(a)(1). [Docs. 1, 107.] On April 25, 2014, the District Court sentenced Movant to eighty-four months of imprisonment, followed by three years of supervised release. [Doc. 126.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Atanasov*, 589 Fed. Appx. 533 (11th Cir. Jan. 21, 2015) (per curiam). [Doc. 166.]

Movant timely executed his § 2255 motion on December 1, 2015. [Doc. 168 at 16.] Movant claims that (1) trial counsel provided ineffective assistance (ground one), and (2) he was placed in double jeopardy and his due process rights were violated (ground two). [*Id.* at 6-14, 21-31.]

### A.     <u>Ground One</u>

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

As to the first prong of *Strickland*, "a court must indulge a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

Movant claims that trial counsel should not have agreed with the Government at sentencing that the amount of the loss to the victims of Movant's crimes was between $400,000 and $1 million. [Doc. 168 at 7.] However, as the Government correctly explains, the United States Secret Service analyzed Movant's crimes and found that he conspired to commit fraud in connection with more than 800 access devices. [Doc. 172 at 6, 9.] The United States Sentencing Guidelines provide that the loss per access device "shall be not less than $500 . . . ." U.S.S.G. § 2B1.1 cmt. n.3(F)(i) (2013). Therefore, the evidence showed that the total loss was over $400,000. Movant also faced the possibility of a higher sentence because the probation officer initially

recommended that the loss was over $1 million. [*Id.* at 3-4, 9.] Following the Government's objection that Movant was not responsible for losses over $1 million, the probation officer reduced the recommendation to the range between $400,000 and $1 million. [*Id.* at 3-4, 9.] The District Court accepted the probation officer's reduced recommendation and sentenced Movant accordingly. [*Id.* at 6.] In light of the relevant sentencing guideline, it is not reasonably probable that trial counsel could have successfully argued in favor of a loss amount below $400,000. Therefore, Movant fails to show that trial counsel provided ineffective assistance regarding the amount of the loss.

Movant next claims that trial counsel failed to argue that Movant entered the conspiracy late, did not benefit from it, and was a "minor participant." [Doc. 168 at 7.] However, as the Government correctly explains, trial counsel argued at sentencing that Movant "came into the conspiracy very late" and "did not get any [financial] gain from his involvement." [Doc. 172 at 11 (citing [Doc. 156 at 5-8]).] Because the evidence showed that Movant's culpability was similar to the culpability of the other conspirators, he was not a "minor participant" and was not entitled to a reduction in his offense level under U.S.S.G. § 3B1.2. [*Id.* at 11-14.] Therefore, it is not reasonably probable that trial counsel could have successfully argued in favor of such a reduction.

6

Movant fails to show that trial counsel provided ineffective assistance regarding the timing of Movant's entry into the conspiracy, lack of benefit from it, and level of participation in it.

Movant further claims that trial counsel should not have allowed Movant to plead guilty to aggravated identity theft because that conviction placed him in double jeopardy and violated his due process rights. [Doc. 168 at 7.] However, as the Government correctly explains, there is no double jeopardy violation if Congress "clearly authorize[s] cumulative punishment" for the same offense. *United States v. Bonilla*, 579 F.3d 1233, 1242 (11th Cir. 2009). [Doc. 172 at 14-18.] The Eleventh Circuit determined that Congress authorized cumulative punishment for aggravated identity theft and conspiracy to commit access device fraud. *Id.* at 1244. Therefore, trial counsel did not provide ineffective assistance in allowing Movant to plead guilty to aggravated identity theft.

Finally, Movant claims that trial counsel should have raised the rule of lenity at sentencing. [Doc. 168 at 7.] "The rule of lenity is a canon of statutory construction that requires courts to construe ambiguous criminal statutes narrowly in favor of the accused." *United States v. Wright*, 607 F.3d 708, 716 (11th Cir. 2010) (Pryor, J., concurring). As the Government correctly explains, the rule of lenity does not apply

to sentencing guidelines that are clear. [Doc. 172 at 18-19.] *See id.* at 712-13 (maj. op.). In the present case, the guidelines applicable to Movant are clear. Therefore, trial counsel did not provide ineffective assistance in failing to raise the rule of lenity at sentencing.

Accordingly, Movant should be denied § 2255 relief as to ground one.

### B. Ground Two

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

8

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "Actual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (internal quotation marks omitted).

As the Government correctly explains, ground two is procedurally defaulted because Movant failed to (1) raise it on direct appeal, or (2) either (a) show cause and actual prejudice, or (b) proof of actual innocence. [Doc. 172 at 19-20.] Furthermore, even if Movant had overcome his defaults, the Government also correctly explains that ground two would nevertheless fail because his plea agreement contains a valid appeal waiver. [Doc. 174-1 at 3-5.]

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily." *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). "[T]he government must show that either (1) the district court specifically questioned [Movant] concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that [Movant] otherwise understood the full significance of the waiver." *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351

AO 72A
(Rev.8/82)

(11th Cir. 1993)).

Movant's plea agreement contains the following appeal waiver:

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, [Movant] voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or variance above the sentencing guideline range as calculated by the district court. . . .

[Doc. 107-1 at 18.] Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them. [*Id.* at 19-20.] The District Court specifically questioned Movant regarding the appeal waiver during the plea colloquy, and Movant indicated that he understood he was giving up his right to appeal as specified in the plea agreement. [Doc. 149 at 10.] Therefore, Movant's appeal waiver is valid.

Accordingly, Movant should be denied § 2255 relief as to ground two.

### III. Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules

Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for default judgment, [Doc. 185], is **DENIED**.

**IT IS RECOMMENDED** that Movant's § 2255 motion, [Doc. 168], be **DENIED**, a COA be **DENIED**, and civil action number 1:15-cv-4283-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this   16th   day of November, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)