AO 72A
(Rev.8/82)

FILED IN CHAMBERS
U.S.D.C. - Atlanta

FEB 1 5 2019

James N. Hatten, Clerk
By: /s/ HMCarmel Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PLAMEN ATANASOV,<br>    Movant, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO.<br>:    1:13-CR-26-ODE-1 |
| UNITED STATES OF AMERICA,<br>    Respondent. | :<br>:<br>: |

# ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the instant motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 187]. Movant has filed his objections in response to the R&R. [Doc. 190].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On December 27, 2013, Movant pleaded guilty to three offenses related to his involvement in a conspiracy where the conspirators placed skimming devices on ATM machines to capture banking customers' account information and PIN numbers. The conspirators then re-encoded gift cards with the account information and used those cards along with the stolen PIN numbers to illegally withdraw cash from ATM machines. This Court sentenced Movant to eighty-four months of imprisonment, followed by three years of supervised release. [Doc. 126]. The Eleventh Circuit affirmed Movant's convictions and sentences. See United States v. Atanasov, 589 Fed. Appx. 533 (11th Cir. 2015); [Doc. 166].

In his § 2255 motion, Movant raises two claims for relief: (1) that his trial counsel provided ineffective assistance, and (2) that he was placed in double jeopardy and his due process rights were violated. [Doc. 168 at 6-14, 21-31]. In the R&R, the Magistrate Judge recommends that the motion be denied because Movant failed to establish that he is entitled to relief. With respect to his claim that counsel was ineffective by failing to object to the loss amount attributed to him in calculating the sentence, the Magistrate Judge pointed out that the evidence showed that Plaintiff conspired to commit fraud in connection with more than 800 counterfeit ATM cards. Pursuant to the Sentencing Guidelines, the loss per access device "shall be not less than $500 . . . ." U.S.S.G. § 2B1.1 cmt. n.3(F)(i) (2013). Accordingly, this Court agrees that the proper loss amount attributable to Movant was in the $400,000 to 1

million range that this Court calculated. Moreover, the 800 counterfeit ATM cards that were attributed to Movant were a mere fraction of the 4700 cards produced by the broader conspiracy, and due to Movant's involvement in that conspiracy, this Court could have attributed a much higher loss amount to him. Finally, in arriving at Movant's sentence under the 18 U.S.C. § 3553 sentencing factors, this Court felt (and still feels) that the 84-month sentence imposed was appropriate. As noted at the sentencing hearing, given the level of sophistication involved and the great number of banking customers affected, Movant committed a very serious crime, and it was important to impose a sentence that would deter others from engaging in similar crimes. [Doc. 156 at 21, 23-24].

In his objections, Movant repeats that his involvement in the conspiracy was limited, but as was discussed at the sentencing hearing, his limited involvement was reflected in the guidelines calculation. [Id. at 16].

Movant next claims that his counsel was ineffective for allowing him to plead guilty to aggravated identity theft and device fraud because the two convictions punish him twice for the same conduct in violation of his double jeopardy rights. This Court concludes that the Magistrate Judge was correct in noting that this claim is foreclosed by the Eleventh Circuit's opinion in United States v. Bonilla, 579 F.3d 1233, 1242-44 (11th Cir. 2009), and Movant did not mention this claim in his objections. This Court further agrees with the Magistrate Judge's conclusion that counsel was not ineffective

for failing to raise the rule of lenity at sentencing because the sentencing guidelines applicable to Movant were not ambiguous. Movant also did not mention this claim in his objections.

With respect to the remainder of Movant's claims, this Court agrees with the Magistrate Judge that the claims are procedurally defaulted because Movant did not raise them in his appeal. The claims are further subject to the valid appeal waiver that Movant agreed to in his plea agreement. Once again, Movant did not mention those claims in his objections.

For the reasons discussed, this Court agrees with the Magistrate Judge that Movant has failed to demonstrate that he is entitled to relief. Accordingly, the R&R, [Doc. 187], is hereby **ADOPTED** as the order of this Court, and Movant's § 2255 motion, [Doc. 168], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:15-CV-4283-ODE.

This Court further agrees with the Magistrate Judge that Movant has failed to make a substantial showing of the denial of a constitutional right, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 14 day of February, 2019.

ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE